UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------X

FOCUS PRODUCTS GROUP ITNERNATIONAL, LLC,
ZAHNER DEISGN GROUP, LTD., AND HOOKLESS
SYSTEMS OF NORTH AMERICA, INC.,

                Plaintiffs,

  - against -

ALLURE HOME CREATIONS CO., INC., AND
ALLURE HOSPITALITY CREATIONS,

                Defendants.

-------------------------------------X

13 Civ. 746 (RWS)

OPINION

A P P E A R A N C E S:

  Attorneys for the Plaintiffs

  GOLDBERG COHEN LLP
  1350 Avenue of the Americas
  New York, NY 10019
  By: Morris E. Cohen, Esq.
     Lee A. Goldberg, Esq.

  Attorneys for the Defendants

  ORRICK, HERRINGTON & SUTCLIFFE, LLP.
  51 West 52nd Street
  New York, NY 10019
  By: Grace L. Pan, Esq.



**Sweet, D.J.,**

Plaintiffs Focus Products Group International, LLC ("Focus"), Zahner Design Group, Ltd. ("ZDG"), and Hookless Systems of North America, Inc. ("HSNA") (collectively, "Plaintiffs"), and Defendants Allure Home Creation Co, Inc. and Allure Hospitality Creations LLC (collectively, "Allure" or "Defendants"), simultaneously move pursuant to Fed. R. Civ. P. 26(c) and Local Civil Rule 37.2, respectively, for adoption of their proposed protective orders.

For the reasons set forth below, Defendants' protective order, which employs a one-tier approach, is adopted with slight modification.

**Prior Proceedings**

On February 11, 2014, Focus served a motion for entry of a protective order, which it subsequently filed on February 20, 2014. Both parties agree as to the need for a protective order, but differ as to the form that order should take.

On March 19, 2014 this motion was heard and marked fully submitted.

1

**Defendants' One-Tier Proposal is Adopted, Subject to Plaintiffs' Counsel's Ability to Request that Specific Documents be Shown to its Client**

Plaintiffs propose a two-tiered system where documents can be marked either with a "Confidential" designation, which may be shown to up to two persons designated by a Party, or with a "Highly Confidential- Attorneys' Eyes Only" Designation. Plaintiffs maintain that such an approach is essential to facilitate settlement, and is common in intellectual property litigations, though no precedent is cited.

Defendants, in contrast, propose a one-tier system where all "Confidential" documents are considered as such, and subject to the attorneys' eyes only limitation. Defendants contend that Plaintiffs' approach is ambiguous between the two categories of confidentiality, and unnecessary.

Plaintiffs have failed to demonstrate why a two-tier approach is warranted. As such, Defendants' suggestion of a one-tier approach will be adopted, though Plaintiffs' counsel may specify certain documents that it would like to discuss with its clients, to which Defendants may then object. This procedure is common during discovery, and adequate for the purposes of this litigation.

**Conclusion**

For the foregoing reasons, Defendants' motion for a one-tier protective order is granted. The parties should confer as to the correct wording of such an order, in light of the specifications articulated in the instant opinion.

It is so ordered.

New York, NY
March 24, 2014

_____
ROBERT W. SWEET
U.S.D.J.